**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

SHERRY MASON                                                                                    PLAINTIFF

v.                                             1:15-CV-00057-BRW-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                       DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Billy Roy

Wilson.  The parties may file specific objections to these findings and recommendations and must

provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no

later than fourteen (14) days from the date of the findings and recommendations.  A copy must be

served on the opposing party.  The District Judge, even in the absence of objections, may reject these

proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Sherry Mason, has appealed the final decision of the Commissioner of the Social

Security Administration to deny her claim for disability insurance benefits.  Both parties have

submitted briefs and the case is ready for a decision.  After carefully considering the record as a

whole, for the following reasons, I find the decision of the Commissioner is supported by substantial

evidence.

A court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*,

557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42

U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

*Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff is fifty-two years old. (Tr. 35) She is a high school graduate and earned a two-year nursing degree. (*Id.*) She has past relevant work as a nurse. (Tr. 19, 64)

Plaintiff alleges she is disabled due to a combination of impairments. (Tr. 235) The ALJ[1] found Ms. Mason had not engaged in substantial gainful activity since January 2, 2013, the alleged onset date. (Tr. 10) She has "severe" impairments in the form of fibromyalgia, obesity, anxiety, and depression. (*Id.*) The ALJ further found Ms. Mason did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (*Id.*)

The ALJ determined Ms. Mason had the residual functional capacity to perform a reduced range of light work. (Tr. 12) Given her light residual functional capacity, the ALJ assessed Ms. Mason could no longer perform her past relevant work as a nurse. (Tr. 19) So with the aid of a vocational expert, the ALJ determined Ms. Mason could perform other work that exists in significant numbers in the national economy. (Tr. 20, 63-71) Accordingly, the ALJ determined Mr. Gilmore was not disabled. (Tr. 21)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2)

In support of her Complaint, Plaintiff disagrees with the ALJ's residual functional capacity

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

assessment.  (Pl.'s Br. at 8-12)  The residual functional capacity assessment is based on the medical

evidence and the ALJ's credibility assessment.  (Tr. 12-19)  Understandably, Plaintiff argues this

assessment was flawed.

The ALJ considered Plaintiff's subjective complaints in light of Social Security Ruling 96-

7p.  (Tr. 13)  That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff clearly suffers from limitation with the combination of her impairments.  However,

the objective medical records simply fail to support Plaintiff's claim of complete disability.

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

Plaintiff argues the ALJ improperly credited the findings of Diane Brandmiller, Ph.D., over

those of Phillip W. Brown, Ph.D.  Dr. Brandmiller's assessment supports the ALJ's conclusion that

Plaintiff is capable of performing a reduced range of light work.  Dr. Brown's assessment supports

Ms. Mason's assertion she is disabled.  But what evidence to believe and what weight to give it is the prerogative of the fact-finder, within broad limits.  *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).  The trier of fact had the duty to resolve conflicting medical evidence, *Richardson v. Perales*, 402 U.S. 389, 399 (1971), and giving greater weight to Dr. Brandmiller was appropriate. As the ALJ noted, Dr. Brown's assessment was largely based on Ms. Mason's subjective complaints. (Tr. 16-17)

I have also considered Plaintiff's argument about the ALJ's statements with regard to Thomas E. Walden, M.D.  I do not perceive the ALJ used Dr. Walden's statement as meaning Plaintiff was not disabled.  Rather, I believe the ALJ's statement notes the lack of treating records from Dr. Walden. (Tr. 15)

So given the difference between Plaintiff's subjective complaints and the lack of supporting medical evidence, combined with the lack of restrictions placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints.  *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard.  *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007).  Accordingly, I find no basis to overturn the ALJ's residual functional capacity determination.

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*,

4

956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 12th day of February, 2016.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE